930 F.2d 922
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Olan Randle ROBISON, Plaintiff-Appellant,
v.
Gary MAYNARD, Warden, Oklahoma State Penitentiary, Larry
Meachum, Superintendent, Department of
Corrections, State of Oklahoma, Attorney
General, of the State of
Oklahoma,
Defendants-
Appellees.
 No. 89-6166.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The question before us is whether the district court erred in denying petitioner, Olan Randle Robison, an evidentiary hearing following remand from this court. We hold the district court properly construed the remand, and following its determination of the facts of the case, properly denied an evidentiary hearing.
 
 
 2
 When this case was initially before us, we upheld the constitutional validity of Mr. Robison's state conviction with one exception. Robison v. Maynard, 829 F.2d 1501 (10th Cir.1987).[1] Concerned, however, over the possibility the Oklahoma Court of Criminal Appeals might have set aside that conviction on certain grounds of prosecutorial misconduct, we remanded the case to the district court for inquiry into why the specific conduct of the prosecutor was not raised in petitioner's state appeal.[2] Our order returned the case to the district court:
 
 
 3
 for the purpose of conducting an evidentiary hearing into the reasons why Petitioner's state appellate counsel did not raise the issue of prosecutorial misconduct in the state appeal and for further determination of the issue of adequate representation in light of the evidence produced.
 
 
 4
 Id. at 1513 (emphasis added).
 
 
 5
 Upon receipt of the remand, the district court assigned the matter to a magistrate. On respondent's motion, the magistrate determined, contrary to our assumption, petitioner's state brief had raised the specific issue of prosecutorial misconduct about which we were concerned. Because of this finding, the magistrate determined an evidentiary hearing was precluded by the terms of our mandate.[3] Following a hearing on petitioner's objection to the magistrate's report, the district court denied petitioner's request to hold a new hearing and adopted the magistrate's recommendation. Specifically, the district court held:
 
 
 6
 [T]he scope of the evidentiary hearing mandated by the Appellate Court was limited to proof on the issue of state appellate counsel's reason for failing to raise the issue of prosecutorial misconduct in Petitioner's state appeal. Having found that the issue was raised by counsel in his brief before the Court of Criminal Appeals, and having found that the Court of Criminal Appeals considered that issue in its determination of Petitioner's appeal, the scope of the evidentiary hearing may not be expanded as requested by the Petitioner.
 
 
 7
 Petitioner's argument notwithstanding, that conclusion is in full accord with the terms of the mandate.
 
 
 8
 Petitioner's initial thrust is that our mandate dictated an evidentiary hearing, and the district court's failure to comply with that dictate deprived him of the relief we ordered. That position overlooks the predicate upon which the case was returned to the district court.
 
 
 9
 Our concern was that had petitioner's state appellate counsel presented to the Oklahoma Court of Criminal Appeals the full panoply of the prosecutor's egregious conduct, that court could have ordered a new trial--not on constitutional, but on state grounds. The correlative of that concern, of course, is that were the egregious conduct fully considered by the state court, federal habeas corpus would not lie. Thus, the respondent was entitled to a determination of whether there was factual support for our concern because a mistaken premise is not a basis for granting relief from a judgment.
 
 
 10
 Moreover, petitioner reads our remand in sections. He thus attaches too much significance to the clause in which we directed an evidentiary hearing. Taken in context, that clause tied the need for an evidentiary hearing to the "reasons why Petitioner's state appellate counsel did not raise the issue of prosecutorial misconduct in the state appeal." The import of that linkage is that if the reasons were proper, no hearing was necessary. The district court correctly perceived that state appellate counsel's having fully raised the issue is the functional equivalent of having a valid reason for not raising the issue.
 
 
 11
 To escape the inevitability of this conclusion, petitioner also argues that his offer of proof demonstrated his state appellate counsel was ineffective. He asserts that counsel presented the issue of prosecutorial misconduct in such a disjointed manner that his argument was lacking in persuasion. We have examined the state brief and agree that a much better job could have been done; indeed, the presentation is unskilled. Nonetheless, all the matters about which we were concerned were raised in the state court. If that court failed to conclude petitioner was entitled to a new trial as a result, we do not believe it was because his appellate counsel did not live up to the standard required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 12
 To establish a Strickland denial of effective assistance of counsel, petitioner must prove that the conduct of counsel fell below an objective standard of reasonableness and the result of the proceeding would have been different. Tapia v. Tansy, 926 F.2d 1554 (10th Cir.1991). While petitioner's state appellate lawyer was lacking in writing skills, he did recognize and raise the proper issues demanded by the case. Therefore, an objective view of his conduct will not permit us to say he acted unreasonably. Moreover, while petitioner forcefully argues a more polished effort by state counsel would have provoked the Oklahoma Court of Criminal Appeals to reverse his conviction, we are uncertain. Nevertheless, having failed to show counsel's representational efforts were not unreasonable, petitioner's argument that the state court would have reversed the conviction is unavailing.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We set aside one of his death sentences on the basis of a constitutionally infirm instruction under Cartwright v. Maynard, 822 F.2d 1477 (10th Cir.1987). Robison v. Maynard, 829 F.2d 1501, 1509 (10th Cir.1987)
 
 
 [2]
 Because the state had argued we were barred from hearing the merits of the issue on the ground of procedural bypass, we assumed petitioner's state appellate counsel had not raised those prosecutorial misconduct issues before the Court of Criminal Appeals
 
 
 [3]
 The magistrate permitted petitioner to make an offer of proof, following which she reiterated her conclusion that this court was mistaken in assuming the issue of prosecutorial misconduct had not been raised on appeal. On the basis of this conclusion, she decided our mandate had been fulfilled